REQUESTED BY: Senator Pam Brown Nebraska State Legislature
In your opinion request letter, you indicate that you are contemplating introducing legislation at the next legislative session which would authorize the Nebraska State Treasurer to manage a centralized receipt and deposit system for checks and other funds received by state agencies. You describe that system in the following terms:
 . . . all payments to state agencies would be assigned a specific post office box. The unique box number would identify the receipting agency and type of payment. The envelopes would be opened on automated equipment, contents extracted, contents imaged, images sent to the appropriated agency personnel, the checks encoded for bank deposit and the accounting document prepared for DAS Accounting. The paper contents of each envelope (minus the check) could than (sic) be routed to the appropriate agency personnel if requested.
You pose two questions to us regarding the proposed centralized receipt and deposit system.
Question No. 1. "Is Legislation authorizing the State Treasurer to manage a centralized receipt and deposit system even necessary or does the State Treasurer already have the power to implement such a system pursuant to his or her duties prescribed in Neb. Rev. Stat. sec. 84-602?"
As noted in your opinion request letter, the statutory duties of the Nebraska State Treasurer are set out generally at Neb. Rev. Stat. §84-602 (1999). The portion of that statute which is pertinent to your inquiry states that it shall be the duty of the State Treasurer to "receive and keep all money of the state not expressly required to be received and kept by some other person." Therefore, to respond to your initial question, we must determine whether, in our view, that statutory language is sufficient to authorize the Treasurer to implement the centralized receipt and deposit system described in your opinion request.
As a general rule, state officers, boards and agencies have such powers as are delegated to them by express constitutional and statutory provisions, or as may be implied from the nature of particular duties imposed upon them. 81A C.J.S. States § 120; Op. Att'y Gen. No. 00002 (January 4, 2000). Executive officers generally have no powers beyond those granted by express provision or necessary implication. Id. In the present case, the general language of § 84-602 at issue does not expressly authorize the State Treasurer to implement the centralized system of receipts and deposits described in your request letter. As a result, any authority for the Treasurer to implement that system must be necessarily implied from the language of § 84-602 which authorizes the Treasurer to "receive and keep all money of the state."
On balance, we believe that it is doubtful that the authority to establish a centralized receipt and deposit system of the complexity described in your opinion request can be necessarily implied from the Treasurer's authority in § 84-602. For one thing, that type of system, which would seem to even affect the State's mail deliveries, does not appear to be required for the Treasurer to receive and keep the State's money. In addition, the Accounting Division of the Department of Administrative Services has promulgated the Nebraska Accounting System Manual under authority of Neb. Rev. Stat. § 81-1111 (1999), and that manual contains procedures for the receipt and deposit of monies with the State Treasurer by state agencies. Nebraska Accounting System Manual, Processing Procedures, PROC-120. It is difficult to argue that the authority for a centralized receipt and deposit system is necessarily implied under the general language of § 84-602 when a system already exists for the receipt of state monies under authority of other state statutes. As a result, we do not believe that the State Treasurer has clear statutory authority to establish the centralized receipt and deposit system described in your opinion request under § 84-602, and you may wish to move forward with legislation in that area if you believe that the Treasurer should have such authority.
Question No. 2. "Are there any other constitutional or other legal impediments relative to the State Treasurer managing such a system?"
Your second question does not indicate what constitutional or other legal impediments are the subject of your concern. Therefore, absent any indication of what specific legal problems are at issue, our response to that question must necessarily be general. Op. Att'y Gen. No. 00002 (January 4, 2002); Op. Att'y Gen. No. 98040 (September 11, 1998). With that in mind, we are unaware of any constitutional or other legal impediments relative to the State Treasurer managing the centralized receipt and deposit system described in your correspondence, provided the Treasurer has specific statutory authority to do so. However, given the provisions in the Nebraska Accounting Systems Manual noted above, we do suggest that any new statutes in this area take into account their interface with the existing statutes and regulations pertaining to the functions of the Accounting Division of the Department of Administrative Services. In addition, any new statutes in this area should also take into account any other existing statutes giving specified agencies or officers the authority to receive state monies.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
_________________________________ Attorney General
cc. Patrick O'Donnell Clerk of the Legislature